IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHEAL JEROME WILLIAMS**                                                **PETITIONER**

**V.**                                               **CIVIL ACTION NO. 3:20CV778 DPJ-LGI**

**WARDEN FRANK SHAW**                                                          **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Michael Jerome Williams filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on December 4, 2020. Respondent asserts that the petition is time-barred pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. After a review of the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

On December 12, 2007, Williams was convicted of two counts of capital murder and one count of possession of a firearm by a convicted felon in the Circuit Court of Hinds County, Mississippi. That same date, he was sentenced to two terms of life-imprisonment on the murder counts, and a three-year term on the possession count, all of which were to be served concurrently in the Mississippi Department of Corrections ("MDOC"). On August 18, 2009, the Mississippi Court of Appeals affirmed his convictions and sentences in *Williams v. State*, 29 So.3d 53 (Miss. Ct. App. 2009), *reh'g denied*, Dec. 8, 2009. On March 4, 2010, the Mississippi Supreme Court denied Williams's petition for certiorari. Nothing of record indicates that Williams sought certiorari review in the United States Supreme Court.

In January 2015, Williams initiated state post-conviction proceedings. On January 23, 2015, he filed an application to proceed with a motion for post-conviction relief (signed January 14, 2015), which was denied by the Mississippi Supreme Court on March 19, 2015. On August 28, 2020, he filed a second motion for post-conviction relief (signed August 18, 2020), which was denied as successive, untimely, and without merit.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of

the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler,* 521 F. App'x 316 (5th Cir. 2013).

In addition to statutory tolling, AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

In the instant case, Williams's conviction became final on June 8, 2010--90 days after the Mississippi Supreme Court affirmed his conviction on March 4, 2010. Because the time period during which he could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before June 8, 2011. Because Williams failed to file his state post-conviction motions prior to that date, AEDPA's statute of limitations period ran uninterrupted from June 8, 2010, through June 8, 2011. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (expired limitations period cannot be revived by filing a

state habeas petition). Accordingly, the instant petition filed on December 4, 2020, nine years after AEDPA's deadline, is untimely absent equitable or statutory tolling.

Liberally construed, Williams asserts that his federal petition is timely because it was filed after his state court post-conviction proceedings and concerns "constitutional fundamental rights" not barred by AEDPA. As noted *supra*, however, Williams's failure to file a "properly-filed" post-conviction motion in state court ***prior*** to the AEDPA deadline precluded statutory tolling. He must therefore show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations.

Having carefully reviewed his multiple pleadings in support, including his amended petition, as well as the state court record filed in its entirety by Respondent, the undersigned finds no rare and exceptional circumstances, nor the requisite diligence to warrant equitable tolling. Claims of actual innocence, ignorance of the law, lack of knowledge of filing deadlines, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are insufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–72 (5th Cir. 2000); *Scott v. Johnson,* 227 F.3d 260, 263 & n. 3 (5th Cir. 2000). None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations.

Nine years passed between the statute of limitations deadline and the filing of the instant petition. Williams offers no persuasive explanation for his failure to file before

now. In the absence of evidence warranting statutory or equitable tolling, the Court finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on July 6, 2021.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
