UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL JEROME WILLIAMS                                            PETITIONER

V.                                         CIVIL ACTION NO. 3:20-CV-778-DPJ-LGI

WARDEN FRANK SHAW                                                 RESPONDENT

ORDER

Petitioner Michael Jerome Williams seeks habeas corpus relief under 28 U.S.C. § 2254. Respondent Warden Frank Shaw has moved for dismissal because Williams filed his petition nearly nine years after the statute of limitations expired. In a well-reasoned Report and Recommendation, United States Magistrate Judge LaKeysha Greer Isaac recommends dismissal. *See* R&R [19]. Despite Williams's objections, this Court agrees and adopts the R&R as the Court's holding.

I.      Background

"A jury sitting before the Hinds County Circuit Court found Michael Jerome Williams, Jr., guilty of two counts of capital murder and one count of possession of a firearm by a prior convicted felon." *Williams v. State*, 29 So. 3d 53, 54–55 (Miss. Ct. App. 2009). He is currently serving two concurrent life sentences and a three-year sentence for the firearm conviction. *Id.* at 55. Those convictions became final on June 8, 2010. Williams filed the instant petition on December 4, 2020. *See* R&R [19] at 4.

II.     Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 provides a one-year statute of limitations to bring federal habeas petitions. 28 U.S.C. § 2244(d)(1). While there are statutory and equitable reasons to toll AEDPA's limitations period, Judge Isaac concluded

that none of them apply in this case. As a result, Williams's petition was due one year after his judgment became final—i.e., June 8, 2011, over nine years before he filed his petition in this Court. While Williams acknowledges the timeline, he believes the Court should nevertheless hear his claims based on statutory and equitable tolling.[1]

   A.   Statutory Tolling

As Judge Isaac noted, under 28 U.S.C. § 2244(d)(1), AEDPA's one-year statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1) to (2).

To begin, Williams relies heavily on *Rowland v. State* as a basis for tolling. 98 So. 3d 1032 (Miss. 2012), *overruled on other grounds by Carson v. State*, 212 So. 3d 22 (Miss. 2016).

---

[1] Williams also argues that Judge Isaac's R&R relates to "the wrong person," noting that the style of the report misspells Williams's first name. Objections [22] at 1. Regardless, the R&R correctly spells his name elsewhere and obviously addresses his petition.

2

Williams finds *Rowland* pertinent on two grounds.  First, it allowed a prisoner to bring a decades-old petition for post-conviction relief, holding that a "double-jeopardy claim was not subject to the procedural bars of the" Uniform Post–Conviction Collateral Relief Act (UPCCRA).  98 So. 3d at 1034 (citing *Rowland v. State*, 42 So. 3d 503 (Miss. 2010)).  Williams also pursues a double-jeopardy argument, but unlike in *Rowland*, his claims are barred by AEDPA and not the UPCCRA, a Mississippi statute.  AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late.  *See* 28 U.S.C. § 2244(d)(1).

Second, Williams says *Rowland* constitutes a new constitutional right that tolled the statute of limitations under § 2244(d)(1)(C).  *See* Objections [22] at 3–4.  That section tolls the limitations period for rights that have "been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).

In *Rowland*, the defendant was convicted and sentenced on charges of capital murder *and* robbery (the underlying crime that made the murder a capital offense).  98 So. 3d at 1038.  The Mississippi Supreme Court held that sentencing Rowland on both counts violated the Double Jeopardy Clause of the United States Constitution.  *Id*.  Williams asserts a *similar* double-jeopardy claim in this case, presumably based on the two capital-murder convictions for which he is serving concurrent life sentences.  According to Williams, "this law [referring to *Rowland*] was established while the petitioner Williams was in the pipe chase with his post-conviction collateral relief."  Objections [22] at 7.  He therefore contends that under § 2244(d)(1)(C), the statute of limitations for his federal claim should not start until the date *Rowland* was decided.

That argument fails for three reasons.  First, *Rowland* was decided by the Mississippi Supreme Court and not the United States Supreme Court, as § 2244(d)(1)(C) requires.  Second,

3

even if *Rowland* could trigger § 2244(d)(1)—it can't—the case was decided in 2012, which would make Williams's federal petition eight years late instead of nine. Finally, *Rowland* was not new law anyway; the United States Supreme Court recognized the same double-jeopardy right a few decades before Williams was convicted. *See, e.g.*, *Brown v. Ohio*, 432 U.S. 161, 166 (1977) (observing that Double Jeopardy Clause "prohibits successive prosecutions as well as cumulative punishment").[2]

Williams also asserts that issues existed with the state-court court reporter who failed to "transcribe the full transcript." Objections [22] at 2. According to Williams, in 2017, Mississippi re-established "Writ of Habeas Corpus Rule 20," which required reporters to fully transcribe proceedings. *Id.* at 3. He describes this as "newly clearly established law." *Id.* at 3. But to invoke § 2244(d)(1)(C), the new right must be a constitutional right recognized by the United States Supreme Court.

Perhaps Williams intended to invoke § 2244(d)(1)(B), which tolls the statute of limitations until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

---

[2] Even if Williams had filed the double-jeopardy claim on time, it has at least two other problems. First, it is not apparent that Williams exhausted the argument in state court, which is a prerequisite to bringing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring petitioner to "exhaust[] the remedies available in the courts of the State"). Second, his case is not like *Rowland*, where the defendant was convicted of capital murder and the underlying felony offense. Williams faces two life sentences because he killed two different people.

Williams has not met that standard.  The official transcript about which he complains was filed on April 21, 2008, and appears to be comprehensive.  *See* R. [9-2] at 2–6 (providing table of contents).  But Williams says it was incomplete, "namely[,] where there [were] arguments[] [whether] Williams['s] mother would be allowed to testify as to her own son's attempted suicide and a[n] entire [ore] tenus at page 4 was left out [of] the transcript where Williams was trying to establish his theory of the case."  Objections [22] at 6.  Even if the transcript was incomplete, the state did not "prevent [him] from filing a petition" asserting the claims he now pursues.  *Egerton*, 334 F.3d at 436.

Finally, Williams argues that he filed his federal petition within a year of his failed successive petition in state court.  Objections [22] at 9.  But even assuming the successive petition was "properly filed" as § 2244(d)(1)(2) requires, the time to file in this Court had long since passed.  For all these reasons, Williams has not demonstrated a statutory basis for tolling AEDPA's statute of limitations.

   B.  Equitable Tolling

As Judge Isaac correctly noted, AEDPA's statutory limitations period may be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  R&R [19] at 3 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted)).  But equitable tolling occurs "only in rare and exceptional circumstances."  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  No such circumstances exist in this case.

Williams starts by suggesting that his access to a law library has been restricted as much as "3 months a year."  Objections [22] at 9.  But, as Judge Isaac correctly noted, "temporary denial of access to research materials or the law library[] and inadequacies in the prison law

library[] are insufficient to warrant equitable tolling." R&R [19] at 4 (citing *Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)). The periodic impediments Williams cites would not justify a nine-year delay.

Williams also states that time should be tolled because he has been "a mental patient for the past 7 years." Objections [22] at 9. He makes a similar statement in his attached affidavit: "[B]ecause of my mental status I have not been able to focus and work on my illegal sentence and case *at times*." Williams Aff. [22-1] at 1 (emphasis added).

The Fifth Circuit has "recognized the possibility that mental incompetence might support equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (citing *Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232–33 (5th Cir. 1999)). But to apply, "a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas [petition]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). "Conclusory allegations of mental illness are insufficient to support equitable tolling." *Grizzle v. Davis*, No. 3:19-CV-1526-S-BH, 2019 WL 4999273, at *2 (N.D. Tex. Sept. 18, 2019) (citing *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008)).

Here, Williams has not established incompetence or even the extent of the mental impairment. Moreover, according to him, it was only present the last seven years. That would not account for his failure to file in the three or so years after the statutory window opened. It is also worth noting that Williams pursued a delinquent petition for post-conviction relief in state court in 2015, further indicating that he had the capacity to pursue habeas relief in this Court. *See* R. [9-9] at 73. On this record, he has not demonstrated a mental-incompetence basis for equitable tolling.

Finally, even assuming some level of mental impairment, he must still show that he had "been pursuing his rights diligently." *Holland*, 560 U.S. at 649. For the reasons stated in the preceding paragraph, Williams has not made that showing. He is not entitled to equitable tolling.

III.    Conclusion

The Court has considered all arguments. Those not directly addressed would not have changed the outcome. For the reasons stated, Williams's Objections [22] are overruled. The Report and Recommendation [19] is adopted as the Court's opinion. Defendant's Motion to Dismiss [8] is granted, and Williams's Petition [1] is dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of August, 2021.

                                            s/ *Daniel P. Jordan III*
                                            CHIEF UNITED STATES DISTRICT JUDGE